UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUCERO, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN ETTARE, et al.,<br><br>    Defendants. | Case No. 15-cv-02654-KAW<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY; REFERRING CASE TO MAGISTRATE JUDGE FOR SETTLEMENT**<br><br>Re: Dkt. No. 19 |

Before the Court is Plaintiff's motion to substitute CSO Kyle Howe for one of the doe defendants named in his complaint. Defendants oppose the motion, which is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). The Court, therefore, VACATES the hearing currently scheduled for January 21, 2016. Having reviewed the papers filed by the parties and the relevant legal authority, the Court GRANTS Plaintiff's motion for the reasons set forth below.

## I.  BACKGROUND

### A.  Factual background

On September 7, 2013, Plaintiff attended an event at the Pyramid Ale House. (1st Am. Compl. ("FAC") ¶ 5, Dkt. No. 9.) When the event was over, he got some food and began walking to his car. (*Id.*) Plaintiff asserts that he was not intoxicated. (*Id.*) As he was walking, a confrontation had broken out in the street in front of him. (*Id.* ¶ 6.) There was a crowd and police. (*Id.*) Plaintiff attempted to walk around the group, but the crowd started to disperse, and some people ran. (*Id.*)

Plaintiff alleges that he was grabbed, violently slammed to the ground, and handcuffed by officers for no apparent reason and without warning. (*Id.* ¶ 7.) Plaintiff was shoved in the back of

a police car, his cell phone and wallet were taken and never returned, and his car was towed. (*Id.* ¶ 8.)

At the police station, Plaintiff was chained to a chair and forced to sit for more than an hour while handcuffed. (*Id.* ¶ 9.) When he told the officers that the handcuffs were too tight and causing pain, he was told to be quiet. (*Id.*) Plaintiff complained some more, and he was told that he would be put in the "restraint chair" if he persisted. (*Id.* ¶ 10.) At that point, Plaintiff had enough and told the officers that he was going to sue them. (*Id.*) Officers immediately grabbed him, pulled him by the handcuffs, and carried him into a concrete room, where he was slammed to the floor. (*Id.* ¶ 11.) According to Plaintiff, the officers hit and kicked him while handcuffed, and they twisted his ankle until it made a loud popping noise. (*Id.*) Plaintiff screamed and lost consciousness. (*Id.*) When Plaintiff woke up, he found himself in a small pool of blood, he was no longer handcuffed, and he had no shoes. (*Id.* ¶ 12.) He tried to stand, but he was unable to as a result of the intense pain in his ankle. (*Id.*) He also coughed up some blood. (*Id.*)

At some point, an officer came to Plaintiff's cell, noticed that Plaintiff needed medical attention, and called for assistance. (*Id.* ¶ 13.) Plaintiff was quickly processed and transported to the hospital, where it was determined that Plaintiff had suffered an ankle fracture, abrasions, and contusions. (*Id.* ¶¶ 13, 14.)

**B.     Procedural background**

Plaintiff commenced this action on June 12, 2015. (Compl., Dkt. No. 1.) He filed a first amended complaint on August 19, 2015, asserting a claim under 42 U.S.C. § 1983 against the defendant officers for violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth amendments, a *Monell* claim against the City of Berkeley ("City"), and a claim under 42 U.S.C. § 1981 against the defendant officers for violation of his rights to full and equal benefit under the law. (FAC ¶¶ 22-24, 25-27, 28-32.) The City, John Ettare ("Ettare"), John Doe, and Richard Roe are named as defendants ("Defendants").[1] (*Id.* ¶¶ 3-4.)

On December 1, 2015, Plaintiff filed an administrative motion to enlarge the time for

---

[1] These same Defendants are named in the original complaint filed on June 12, 2015. Compl. ¶¶ 3-4.

2

1  naming additional parties. (Admin. Mot., Dkt. No. 16.) The Court denied the motion without

2  prejudice to the re-filing of a properly noticed motion. (Order, Dkt. No. 18.)

3  That motion followed on December 14, 2015.[2] (Pl.'s Mot., Dkt. No. 19.) Defendants filed

4  their opposition to the motion on December 24, 2015, to which Plaintiff replied on January 4,

5  2016. (Defs.' Opp'n, Dkt. No. 20; Pl.'s Reply, Dkt. No. 23.)

## II.     LEGAL STANDARD

### A.     Leave to amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The courts consider five factors when determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Spitzer v. Aljoe*, No. 13-cv-5442-MEJ, 2015 WL 1843787, at *5 (N.D. Cal. Apr. 6, 2015) (internal quotations and citation omitted). "Claims barred by the statute of limitations are futile." *Id.* (citations omitted).

### B.     Relation back

Rule 15(c)(1)(A) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). The Ninth Circuit has explained:

> Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules.

*Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014).

---

[2] On October 1, 2015, the Court set December 14, 2015 as the deadline for amending the pleadings. Scheduling Order at 8, Dkt. No. 15.

United States District Court
Northern District of California

As § 1983 contains no independent statute of limitations, "the applicable limitation period is determined by borrowing the forum state's limitation period, including its tolling provisions, for the most analogous personal injuries." *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999) (citation omitted). In California, that statute of limitation is two years, and it begins to run on the date the wrongful conduct occurred. *See Spitzer*, 2015 WL 1843787, at 6 (citations omitted). "[B]ecause the limitations period [applicable here] derives from state law, Rule 15(c)(1) requires [courts] to consider both federal and state law and employ whichever affords the more permissive relation back standard."[3] *See Butler*, 766 F.3d at 1201.

"Amendments of pleadings under California law are generally governed by California Civil Procedure Code section 473(a)(1)." *Id.* (footnote and citation omitted). The section provides:

> The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code.

Cal. Civ. Proc. Code § 473(a)(1). The statute "does not contain any express provision for relation back of amendments, and California courts have held that it does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance." *Butler*, 766 F.3d at 1201 (internal quotations and citation omitted).

California courts, however, have also recognized an exception to the general rule of no relation back under California Civil Procedure Code section 474. *See id.* Section 474 provides:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . .

Cal. Civ. Proc. Code § 474. "Thus, section 474 of the California Code of Civil Procedure allows

---

[3] Accordingly, as Plaintiff has met the requirements for relation back under state law, the Court has not addressed relation back under federal law.

4

plaintiffs to substitute a fictional 'Doe' defendant in a lawsuit with a named defendant, so long as the plaintiff was unaware of the defendant's true identity at the time the prior complaint was filed." *Felarca v. Birgeneau*, No. 11-CV-05719-YGR, 2014 WL 7140262, at *3 (N.D. Cal. Dec. 12, 2014) (citation omitted); *see also Butler*, 766 F.3d at 1201 (internal quotations, citation, and footnote omitted). Relation back under section 474 is only available, however, if the plaintiff is "genuinely ignorant of the defendant's identity at the time the original complaint is filed." *Butler*, 766 F.3d at 1202 (internal quotations and citation omitted).

### III. DISCUSSION

In the instant motion, Plaintiff seeks to substitute CSO Kyle Howe for John Doe or Richard Roe, the doe defendants named in the operative complaint. (Pl.'s Mot. at 1.) Plaintiff asserts that he was aware of Officer Ettare's identity but unaware of his other assailants. (Pl.'s Mot. at 1; Boskovich ¶ 3, Dkt. No. 19-1.) Plaintiff also asserts that Defendants did not identify a single jailor in their initial disclosures or in any supplemental disclosures, despite his allegation that officers beat him while at the jail. (*Id.* at 4; Boskovich Decl. ¶ 4.) Plaintiff also asserts that Defendants nonetheless admitted that CSO Howe was one of the individuals who "placed or assisted in [placing] plaintiff in a safety cell" in their discovery responses.[4] (*Id.*; Boskovich Decl. ¶ 6 & Ex. A.) Plaintiff argues that Defendants are not prejudiced by any amendment, that such amendment is proper given that Plaintiff only recently learned of Howe's involvement in the case, and that the addition of CSO Howe clearly relates back under California law. (Pl.'s Mot. at 5.)

In opposition, Defendants argue that amendment would be futile in this case because the statute of limitations on Plaintiff's federal claims lapsed on September 7, 2015 and the relation back doctrine does not apply under federal or state law. (Defs.' Opp'n at 3-5.) Defendants further argue that Plaintiff lacks any factual basis for adding CSO Howe as a defendant, given that Plaintiff could not identify him as one of the individuals who allegedly beat him. (*Id.* at 5-7.)

---

[4] The City interpreted the relevant interrogatory "as seeking the identity of any officer, deputy, jailer and first responder employee who had involvement in plaintiff's detention, arrest, medical treatment, booking, jailing, and transport[,]" and it named CSO Howe in its responses. Boskovich Decl., Ex. A. In its response to another interrogatory, the City identified, on information and belief, CSO Howe and Officer Ettare as the individuals who "placed or assisted in placing plaintiff in a safety cell on September 7, 2013." Defs.' Opp'n at 5; Boskovich Decl., Ex. A.

According to Defendants, evidence that Howe was working in the jail on the day of Plaintiff's arrest and that he may have had a part in placing Plaintiff in a safety cell does not warrant adding him as a defendant. (*Id.* at 7.)

These arguments fail. To the extent Defendants contend state law does not allow relation back because plaintiff is seeking to add a new party instead of merely correcting a misnamed party, Defendants misunderstand the law. "[S]ection 474 of the California Code of Civil Procedure allows plaintiffs to substitute a fictional 'Doe' defendant in a lawsuit with a named defendant, so long as the plaintiff was unaware of the defendant's true identity at the time the prior complaint was filed." *Felarca*, 2014 WL 7140262, at *3.

That is what Plaintiff seeks to do here, and he has satisfied section 474's requirements. In both iterations of his complaint, Plaintiff alleged that:

> OFFICERS immediately grabbed plaintiff and pulled him up by the handcuffs, which was against policy, causing him extreme pain. OFFICERS then carried plaintiff into a concrete room with a drain in the floor and slammed him to the floor. OFFICERS proceeded to hit and kick the still handcuffed plaintiff, and also twisted his ankle until it made a loud popping sound. Plaintiff screamed and lost consciousness. He was allowed to lay there injured and bleeding without an attempt to summon medical attention.

(Compl. ¶ 11, FAC ¶ 11.) Despite this allegation, Defendants did not identify a single jailor in its initial disclosures or supplemental disclosures. (Boskovich Decl. ¶ 4.) The City does not dispute this, but instead attempts to justify its non-disclosure because plaintiff alleged "that he was beaten by unidentified 'officers,' not jailers." (Defs.' Opp'n at 6 n.2.) This hyper-technical approach to litigation does not aid Defendants here. Rather, it bolsters Plaintiff's claim that he was unaware of CSO Howe's identity, which is supported by Plaintiff's counsel's declaration indicating that at the time each complaint was filed, he was aware only aware of Officer Ettare's identity and unaware of the identifies of the Plaintiff's other assailants. (Boskovich Decl. ¶ 3.) Defendants do not dispute this.[5]

Based on the foregoing, the Court finds that Plaintiff was genuinely ignorant of CSO Howe's identity, bringing the proposed amendment within the scope of section 474. The proposed

---

[5] In fact, Defendants state that "Plaintiff failed to even attempt to identify other parties through discovery until September 17, 2015 . . . . " Defs.' Opp'n at 4.

amendment, therefore, relates back to the filing of the original complaint, which occurred on June 12, 2015, well within the two year statute of limitations for Plaintiff's claims, which as Defendants correctly note, elapsed on September 7, 2015. The proposed amendment, then, is not futile.

Defendants' argument that Plaintiff lacks a factual basis for naming CSO Howe as a defendant also fails. Defendants concede that CSO Howe was working in the jail during the time Plaintiff was incarcerated and that due to his assignment that afternoon, he likely placed or helped place Plaintiff in his cell. (Defs.' Opp'n at 5.) While this may be a thin factual basis for Plaintiff's claims, especially given that Plaintiff testified at his deposition that CSO Howe looked familiar but he could not identify him as one of the officers who beat him,[6] Defendants are free to attack Plaintiff's claims against CSO Howe at trial. The other arguments Defendants advance here, i.e., that no beating occurred and that Plaintiff was injured before he was arrested, are also more appropriately raised at a later stage of the case.

### IV.     CONCLUSION

For the reasons set forth above, Plaintiff's motion is GRANTED. CSO Kyle Howe is substituted for defendant John Doe. This matter is also referred to a randomly-assigned magistrate judge for the purposes of conducting a settlement conference, which shall occur within 90 days or as soon as is convenient to the assigned judge's calendar. The case management conference currently set for February 2, 2016 is continued to April 12, 2016 at 1:30 p.m.

IT IS SO ORDERED.

Dated: 01/12/16

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

---

[6] Plaintiff explains that no photographs were produced in time for him to examine them prior to his deposition.