UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUCERO, JR.,<br>           Plaintiff,<br>    v.<br>JOHN ETTARE, et al.,<br>           Defendants. | Case No. 15-cv-02654-KAW<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

On June 12, 2015, Plaintiff Juan Lucero, Jr. filed the instant case, asserting violations of his civil rights. (Dkt. No. 1.) On June 23, 2017, the Court vacated the trial set for June 26, 2017; this was the second time the Court was required to vacate the trial on the eve of trial, due to Plaintiff's actions. (*See* Dkt. Nos. 101, 111.) For the reasons stated below, this case is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

## I. BACKGROUND

This is a civil rights action, where Plaintiff alleges claims for false arrest and excessive force based on his arrest by the Berkeley Police Department on September 7, 2013. Trial on Plaintiff's claims was originally scheduled for September 26, 2016. On September 21, 2016, however, Plaintiff filed an application for petition of writ of habeas corpus ad testificandum, due to Plaintiff being detained in Santa Rita County jail on an unrelated criminal matter. (Dkt. No. 97.) Although the Court granted the petition, Plaintiff informed the Court that Plaintiff's presence at the trial could not be guaranteed due to Plaintiff's required presence before the state court on the criminal charges. (Dkt. No. 100.) Due to Plaintiff's inability to attend the trial, on September 23, 2016, the Court vacated the September 26, 2016 trial date. (Dkt. No. 102.)

On November 7, 2016, the parties informed the Court that Plaintiff had been released from

custody, and requested a case management conference to set a new trial date. (Dkt. No. 103.) Following the case management conference, the Court set a trial date for June 26, 2017. (Dkt. No. 108.)

On June 22, 2017, Plaintiff's counsel informed the Court that Plaintiff had failed to attend a meeting to discuss the trial with counsel. Plaintiff's counsel also stated that he was having difficulty contacting Plaintiff, and that he intended to move to withdraw as counsel. In light of these representations, the Court set a status conference for the following day. In the order, the Court stated: "Plaintiff must personally appear at the hearing to explain if he intends to prosecute the case. The Court is also not inclined to continue the trial date a second time." (Dkt. No. 110.)

On June 23, 2017, the Court held a status conference, at which Plaintiff failed to personally appear. Plaintiff had apparently been in the courtroom just before the status conference, when he had taken a phone call; according to Defendants' counsel, Plaintiff told the caller, "Hey, it's over. Just come get me. Bye." Plaintiff then left the courtroom moments before the undersigned took the bench. The courtroom deputy looked for Plaintiff outside of the courtroom and in the downstairs lobby, but was unable to find Plaintiff. Plaintiff's counsel also called Plaintiff's cell phone, but only received an automated message that Plaintiff had not set up a voicemail box.

During the hearing, Plaintiff's counsel informed the Court that this was the first time he had seen or spoken to Plaintiff since a settlement conference on September 8, 2016. His office had only been able to contact Plaintiff on Monday to set up the client meeting, for which Plaintiff failed to show up. Plaintiff's counsel stated that he would not have sufficient time to prepare Plaintiff for trial, and also noted a possible ethical conflict.

Defendants' counsel stated that she was unwilling to agree to vacating the June 26, 2017 trial without dismissing the case, due to the time and resources Defendants had already spent on preparing for both the September 26, 2016 and June 26, 2017 trials. Defendants' counsel explained that many of the witnesses did not work for the City of Berkeley, and had been required to take time off work twice already, to attend trial. Defendant Howe, for example, had already taken a week off in September and another week off in June without pay, in order to attend the two trials.

In light of Plaintiff's failure to personally appear at the status conference, the Court once again vacated the trial date on the Friday before the trial was scheduled to begin. (Dkt. No. 111.)

On June 27, 2017, Plaintiff's counsel filed a motion to withdraw as counsel. (Dkt. No. 112.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Although "the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion," the Ninth Circuit has concluded "that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citing with approval *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("The Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders")).

Whether the Court is considering dismissal based on failure to prosecute or failure to comply with court orders, the Court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation omitted); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

### A. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *see also Pagtalunan*, 291 F.3d at 642 (same). Moreover, Plaintiff's actions have now contributed to two delays, as the Court was

3

previously required to continue the trial date by nine months to accommodate Plaintiff's inability to attend the September 26, 2017 trial due to his incarceration. The Court then attempted to resolve Plaintiff's absence by holding a status conference, to give Plaintiff an opportunity to explain to the Court whether he intended to prosecute the case. (Dkt. No. 110.) Plaintiff came to the courthouse, but did not stay long enough for court to be called in session, leaving the courtroom despite the Court's order requiring his personal attendance. Both the Court and Plaintiff's counsel attempted to locate him, but were unable to do so. The Court thus had no choice but to again vacate the trial on the Friday before the trial was to begin. To allow another delay in reaching the merits will be "costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). This factor weighs heavily in favor of dismissal under Rule 41(b).

### B. Court's Need to Manage Docket

The second factor also weighs in favor of dismissal. The Ninth Circuit has explained that dismissal serves the "court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." *Id.* at 1234. The Court has already made room in its busy docket to accommodate Plaintiff's actions once before; to do so a second time would again require the Court to move or delay other cases that are also entitled to their day in court. Moreover, this case has already been on the Court's docket for over two years, and a second delay will extend that time further. Thus, this factor strongly weighs in favor of dismissal. *Compare with Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (finding that the first two factors strongly supported dismissal as "[t]his case dragged on for over a year and a half before it finally was dismissed. During that time, it consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket").

### C. Risk of Prejudice to Defendants

The third factor weighs heavily in favor of dismissal. In determining prejudice, the Court "examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with rightful decision of the case." *Malone*, 833 F.2d at 131. Courts have particularly

found prejudice where the plaintiff's actions result in the delay of an imminent trial. For example, in *Doe v. City of Los Angeles*, the district court concluded that there was prejudice to the defendants where the "plaintiff's conduct resulted in an order vacating the trial date less than 24 hours before trial was scheduled to begin, when it was already too late for defendants to undo or avoid many preparations made when trial was imminent." Nos. CV 07-1403 AJW, CV 08-237 AJW, 2013 WL 6019121, at *10 (C.D. Cal. Nov. 13, 2013). The district court found that "[t]he possibility that trial could be continued once again does not negate the prejudice to defendants," explaining:

> Congestion in the parties' and defense counsel's schedule and the court's calendar makes rescheduling a trial disruptive and burdensome. Continuing a trial does not relieve defendants from the burdens and costs incurred preparing for a trial that was continued at the last minute. If the trial were to be continued again, defendants would be prejudiced by the cost and burden of again having to arrange for the presence of the many defendant officers and identified witnesses, preparing witnesses, reviewing the claims and evidence, and the like. Moreover, another delay in the trial date exacerbates the usual prejudicial effects of delay, especially where, as here, the case involves numerous parties and claims.

*Id.* at *11 (internal citations omitted); *see also Luster v. Ledbetter*, 665 F. Supp. 2d 893, 898 (M.D. Ala. 2009) ("a plaintiff's failure to appear on the date of trial has the potential to cause great prejudice to the defendant, especially where the defendant has taken the time and expense of preparing and appearing for trial himself and has had his attorney and witnesses appear for trial").

Here, Plaintiff's actions have twice resulted in the trial being vacated on the Friday before the trial was set to begin. As Defendants' counsel explained during the status conference, this has resulted in a significant burden on Defendants, who have both parties and witnesses taking time off -- including Defendant Howe taking two weeks of unpaid leave -- to arrange to be present for a trial that was twice vacated at the last minute. Defendants have also been forced to prepare for trial twice, reviewing the evidence and claims, and preparing the witnesses. Requiring Defendants to go through such trial preparation for a third time will severely prejudice Defendants, further adding to "the burdens and costs incurred preparing for a trial that was continued at the last minute." *Doe*, 2013 WL 6019121, at *11.

This is particularly the case where the delay was unjustifiably caused by Plaintiff. Plaintiff failed to attend a status conference that the Court specially set to determine if the June 26, 2017 trial could go forward; rather than provide an explanation for his failure to communicate with his counsel, Plaintiff chose to leave the Court moments before the undersigned could take the bench, despite the Court's order requiring his presence. As a result, the Court was required to vacate the trial date. Plaintiff offered no justification for his behavior, and such behavior strongly evidences his intent not to prosecute the case. Thus, the Court finds that this factor strongly favors dismissal. *See Malone*, 833 F.2d at 131 (affirming the trial court's decision to dismiss the case, and "plac[ing] particular reliance on the district court's determination that [the plaintiff's] excuse for her conduct was groundless. Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default").

### D. Public Policy Favoring Resolution of Cases on the Merits

Although "the public policy favoring disposition of cases on their merits strongly counsels against dismissal," the Ninth Circuit has also recognized that "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228 (internal quotation omitted). This is because "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.*

Such is the case here. Plaintiff's actions have stalled this case from moving forward on the merits for the second time. Thus, the Court concludes that this factor counsels against dismissal, but only slightly.

### E. Availability of Less Drastic Sanctions

The Court finds that this factor weighs in favor of dismissal. "[T]he case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone*, 833 F.2d at 132. In *Malone*, the Ninth Circuit found that while "the district court did not explicitly warn [the plaintiff] that dismissal would follow violation of the pretrial order, the court made it clear that no continuances would be

6

accepted." *Id.* at 133. Moreover, the Ninth Circuit concluded that "a warning [was] unnecessary here. A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order. Rules 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order." *Id.*

In the instant case, the Court set a status conference, which required that Plaintiff "personally appear at the hearing to explain if he intends to prosecute the case." Dkt. No. 110. The Court also warned that it was "not inclined to continue the trial date a second time." Plaintiff was therefore on notice that dismissal could follow his failure to appear at the status conference. Even so, Plaintiff chose to leave the courtroom just moments before the status conference began, and did not respond to the Court's or counsel's efforts to locate him, thus willfully violating the Court's order. Further, even if the Court had not explicitly warned Plaintiff that dismissal could follow his failure to appear at the status conference, Rule 41(b) states that involuntary dismissal is permitted where the plaintiff fails to comply with a court order. Thus, the Court concludes that it has satisfied the "consideration of alternatives" requirement by attempting to hold a status conference to ensure that the trial could move forward, at which Plaintiff then deliberately failed to appear. This factor weighs in favor of dismissal.[1]

### F. Balancing

"The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal." *Doe*, 2013 WL 6019121, at \*15. Here, four of the five factors strongly support dismissal. The last factor, the public policy favoring disposition on the merits, weighs slightly against dismissal; this factor alone, however, "is not enough to preclude a dismissal order when the other four factors weigh . . . heavily in favor of dismissal." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988). The Court therefore concludes that dismissal with prejudice is warranted under Rule 41(b).

---

[1] The Court also notes that given that Defendants have already prepared for two trials, "[a] sanction short of dismissal would thus punish [Defendants] as well as [Plaintiff], forcing [Defendants] to undergo the same preparation and expense again, and perhaps without [their] full panoply of witnesses." *Luster*, 665 F. Supp. 2d at 898.

7

### III. CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's case with prejudice, pursuant to Rule 41(b). In light of this dismissal with prejudice, the Court DENIES the motion to withdraw as counsel as moot. The clerk of the court is directed to enter judgment in favor of Defendants in this case.

IT IS SO ORDERED.

Dated: June 29, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge